UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PANIAGUA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NORM KRAMER, et al.,<br><br>　　　　Defendants. | 1:14-cv-01512-AWI-GSA-PC<br><br>ORDER RE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41<br>(Doc. 6.)<br><br>ORDER DIRECTING CLERK TO CLOSE FILE |

　　　　Carlos Paniagua ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 18, 2014.  (Doc. 2.)

　　　　On April 27, 2015, Plaintiff filed a request to voluntarily dismiss this case without prejudice.  (Doc. 6.)  The court construes Plaintiff's request as a notice of dismissal under Rule 41(a)(1).  In Wilson v. City of San Jose, the Ninth Circuit explained:

> 　　　　Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment.  The dismissal is effective on filing and no court order is required.  Id.  The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.  Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  Concha, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants.  Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal leaves the parties as though no action had been brought.  Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).  In this case, no defendant has filed an answer or motion for summary judgment in this action.  Therefore, Plaintiff's notice of dismissal is effective, and this case shall be closed.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal is effective as of the date it was filed;
2. This action is DISMISSED in its entirety without prejudice; and
3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   April 29, 2015                                        _____
                                             SENIOR DISTRICT JUDGE